


UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Tim Saunders,<br>    Plaintiff,<br><br>    v.<br><br>Sean David Morton, Joshua Weber,<br>Daryl Weber, Melissa Morton,<br>27 Investments LLC, Magic Eight Ball<br>Distributing, Inc., Vajra Productions<br>LLC, Delphi Associates Investment<br>Group, and Fraser Valley Trading,<br>    Defendants. | Case No. 5:09-cv-125 |

### OPINION AND ORDER
### ADOPTING MAGISTRATE JUDGE'S
### REPORTS AND RECOMMENDATIONS
(Docs. 63 & 64)

This matter came before the court for review of the Magistrate Judge's Report and Recommendations filed on June 28, 2010 (Doc. 63 & 64).

The Magistrate Judge recommended that the court grant Plaintiff Tim Saunders's motion to dismiss Defendant, Joshua Weber, whom Plaintiff has been unable to serve (Doc. 58).

The Magistrate Judge also recommended the court grant in part Defendant Daryl Weber's Motion for Relief from a Final Judgment, Order or Proceeding (the "Motion for Relief") (Doc. 56). Although styled as a motion pursuant to Fed. R. Civ. P. 60(b), the Magistrate Judge properly considered the motion as one to set aside the default under Fed. R. Civ. P. 55(c). The Magistrate Judge recommended denying Defendant Daryl Weber's additional requests to strike the Complaint and dismiss the cause of action, and to remove the case to another jurisdiction.

Finally, the Magistrate Judge recommended that the court grant Plaintiff's Motion for Entry of Default Judgment (Doc. 29) against Defendants, Sean David Morton, Melissa Morton, 27 Investments LLC, Magic Eight Ball Distributing, Inc., Vajra Productions LLC, and Delphi Associates Investment Group, (collectively, "the remaining Defendants"). No objections have been filed.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Perez-Rubio v. Wycoff*, 718 F. Supp. 217, 227 (S.D.N.Y. 1989). The district judge may "accept, reject, or modify, in whole or in part, the magistrate's proposed findings and recommendations." *Perez-Rubio*, 718 F. Supp. at 227. A *de novo* determination pursuant to Section 636(b)(1) "permit[s] whatever reliance a district court, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

After careful review of the file and the Magistrate Judge's Report and Recommendations, this court hereby ADOPTS the Magistrate Judge's findings and recommendations in full for the reasons stated therein.

Accordingly, the court GRANTS Plaintiff Saunders's Motion to Dismiss Joshua Weber (Doc. 58) from this lawsuit. Said dismissal is without prejudice.

The court further GRANTS IN PART AND DENIES IN PART Defendant Daryl Weber's Motion for Relief (Doc. 56). Defendant Daryl Weber shall have twenty (20) days from the entry of this Order to file an answer or other responsive pleading. All other relief requested in the Motion for Relief is DENIED.

Finally, the court GRANTS Plaintiff's Motion for Entry of Default Judgment (Doc. 29) against the remaining Defendants, Sean David Morton, Melissa Morton, 27 Investments LLC, Magic Eight Ball Distributing, Inc., Vajra Productions LLC, and Delphi Associates Investment Group. The court agrees that there is no just reason for delay and that pursuant to Fed. R. Civ. P. 54(b), the judgment may be certified as a partial final judgment. *Ginett v. Computer Task Group, Inc.* 962 F.2d 1085, 1092 (2d Cir. 1992).

Plaintiff's counsel is directed to submit a proposed partial final judgment order, reflecting the amounts the Magistrate Judge concluded have been established, within fifteen (15) days of this Order.

SO ORDERED.

    Dated at Burlington, in the District of Vermont, this 18th day of August, 2010.

                                       Christina Reiss
                                       United States District Court Judge